In the Matter of the Application of SIDNEY FELBER, Petitioner. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Respondent.

First Department, July 5, 1944.

*Louis B. Brodsky* for petitioner.

*Einar Chrystie* for the Association of the Bar of the City of New York.

*Per Curiam.* The petitioner has applied for reinstatement as a member of the Bar of this State. He was disbarred by an order of this court dated October 31, 1941 (262 App. Div. 1010). That order was based on a certificate showing that on June 13, 1941, he had been convicted of two felonies in the Court of General Sessions of the County of New York. The conviction grew out of

an indictment of the petitioner and nine others on thirty counts charging conspiracy, grand larceny by embezzlement, and forgery in the third degree, as a result of which crimes more than $23,000 of sales taxes were embezzled from the City of New York. On May 8, 1942, this court (*People* v. *Felber*, 264 App. Div. 181) reversed the judgment of conviction and ordered a new trial upon the ground that there was an error in the charge of the trial court.

Thereafter and on September 1, 1942, the indictment was dismissed in the Court of General Sessions on motion of the District Attorney. The petitioner then moved for reinstatement. The Association of the Bar of the City of New York filed objections to that application and this court referred the matter to Hon. Jacob Marks to take testimony and report thereon. The Referee has now reported that, in his opinion, "it has been established that in the years 1936, 1937 and 1938, for the purpose of enabling the Mab Motors, Inc., a corporation by whom he was employed as an accountant, to defraud the City out of sums due for sales taxes, the applicant gave instructions to enter, as loans payable and loans receivable in the books of the corporation used by it in its main place of business in the Borough of the Bronx, the amounts of taxes collected from purchases at the branch place of business of the corporation in the Borough of Manhattan, checks for which amounts of sales taxes were transmitted by the Manhattan branch of the corporation to the main office of the corporation in the Borough of the Bronx; and that he also instructed his assistants that in making up tax reports required by the City to be filed quarter yearly, to conceal the fact in such reports that any amount was due for sales tax on purchases made in the Manhattan branch, and in making up such reports to state that the total amount of sales made by the corporation in all its branches in each quarter year was only the amount of sales made by the corporation at its principal place of business, its Bronx branch. That the instructions so given by the applicant were carried out and the false entries made in loans payable and loans receivable as directed by the applicant, and the tax reports also made and filed with the City for each of the quarter years commencing with the quarter year ending October 1, 1936, and up to the quarter year ending October 1, 1938, as directed by the applicant. That as a result of such fraud it was discovered by a city auditor who made an investigation of the books of the corporation in June, 1939, that the officers of the corporation had embezzled upwards of Twenty-three

thousand dollars of sales taxes that should have been paid to the City during the periods above mentioned.''

The record before this court not only sustains the findings of the Official Referee but it clearly demonstrates that the petitioner is unfit for membership in the legal profession.

The application for reinstatement should be denied.

MARTIN, P. J., TOWNLEY, GLENNON, UNTERMYER and DORE, JJ., concur.

Application denied. [See *post*, p. 853.]